**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01829-CMA-MJW

GORDON * HOWARD ASSOCIATES, INC., a Colorado corporation,

Plaintiff,

v.

LUNAREYE, INC., a Texas corporation,

Defendant.

---

## ORDER GRANTING DEFENDANT'S FIRST MOTION TO DISMISS

---

This matter is before the Court on Defendant's First Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. # 14). For the following reasons, Defendant's motion is granted.

## I. BACKGROUND

Plaintiff, Gordon * Howard Associates, Inc. ("Plaintiff"), develops, manufactures, and supplies electronic devices for automobiles. (Doc. # 1 at 3.) Defendant, Lunareye, Inc. ("Defendant") was initially founded to develop, market, and sell asset tracking devices and systems using GPS technology. (Doc. # 14 at 6.) Although Plaintiff alleges that Defendant's business model has not changed (Doc. # 20 at 2), Defendant contends that in 2004 Plaintiff stopped developing and selling hardware, and instead directed its efforts at licensing and enforcing its U.S. Patent No. 6,484,035 (the "'035 patent"). (Doc. # 14 at 7.)

On February 16, 2006, Defendant initiated discussions with Plaintiff concerning the ‘035 patent. (Doc. # 20 at 2.) In March of that year, Defendant traveled to Littleton, Colorado, to meet Plaintiff’s representatives and continue those discussions. (Doc. # 14 at 3.) At that meeting, the parties discussed the possibility of Defendant licensing the ‘035 patent to Plaintiff. (Doc. # 20 at 2.) A license agreement did not materialize, and by April 25, 2006, Defendant allegedly had begun threatening to sue Plaintiff. (Doc. # 14 at 2.)

On May 6, 2013, Defendant’s attorney sent correspondence notifying Plaintiff that Defendant had sued Plaintiff for infringing the ‘035 patent in the United States District Court for the Eastern District of Texas. (Doc. # 20 at 3-4.) Plaintiff responded by initiating the instant case against Defendant on July 11, 2013, seeking a declaratory judgment that it has not infringed the ‘035 patent and that the ‘035 patent is invalid and unenforceable. (Doc. # 1 at 3-5.) Defendant now moves the Court to dismiss this declaratory judgment action for lack of personal jurisdiction. (Doc. #14.) Plaintiff filed its Response to Defendant’s Motion on August 22, 2013 (Doc. # 20), to which Defendant replied on September 6, 2013 (Doc. # 22).

## II. STANDARD OF REVIEW

To survive a motion to dismiss for lack of personal jurisdiction that is based only on the record, Plaintiff must make a *prima facie* showing of personal jurisdiction. *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) (citing *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)). In resolving the motion, the Court accepts Plaintiff’s uncontroverted allegations as true and resolves factual

conflicts in Plaintiff's favor. *Id.* (citing *Coyle*, 340 F.3d at 1349). However, Plaintiff is "entitled to only those inferences that are reasonable." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). Additionally, Plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.,* 887 F.2d 1371, 1376 (10th Cir. 1989).

## III. DISCUSSION

This Court may exercise personal jurisdiction over defendants who are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). In this patent declaratory judgment action, the Court decides whether it may exercise personal jurisdiction over Defendant under Federal Circuit precedent. *See Grober*, 686 F.3d at 1345. Because Colorado's long-arm statute is "coextensive with the limits of due process," *see* Colo. Rev. Stat. § 13-1-124, the Court must decide only whether exercising "jurisdiction comports with due process." *Autogenomics,* 566 F.3d at 1017 (citation and quotation marks omitted). Due process may be satisfied by establishing either (1) specific personal jurisdiction or (2) general personal jurisdiction. *See Grober*, 686 F.3d at 1345. Specific personal jurisdiction exists when a plaintiff's claim "arise[s] out of or relate[s] to" the defendant's activities in the forum state. *Autogenomics*, 566 F.3d at 1017 (citations omitted). In contrast, general personal jurisdiction exists when the defendant "maintains contacts with the forum state that are sufficiently continuous and systematic, even when the

cause of action has no relation to those contacts." *Grober*, 686 F.3d at 1346 (citations and quotation marks omitted).

Plaintiff contends that both specific and general personal jurisdiction exist. In the alternative, Plaintiff asks to conduct jurisdictional discovery. The Court will address these contentions in turn.

**A. SPECIFIC PERSONAL JURISDICTION**

To establish specific jurisdiction the plaintiff must show that (1) the defendant has purposely directed its activities at residents of the forum, (2) the plaintiff's claim arises out of or relates to those activities, and (3) the Court's exercise of personal jurisdiction is reasonable and fair. *Autogenomics,* 566 F.3d at 1018. Plaintiff bears the burden on the first two prongs, and Defendant has the burden to disprove the last. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). Where, as here, the plaintiff sues for a declaratory judgment that a patent was not infringed, is invalid, or is unenforceable, the specific jurisdiction question turns on the extent to which the "defendant patentee 'purposely directed . . . enforcement activities at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.,* 552 F.3d 1324, 1332 (Fed. Cir. 2008) (quoting *Breckenridge Pharm., Inc.*, 444 F.3d at 1363). Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action. *Id*. at 1336.

In contending that this Court has specific jurisdiction over Defendant, Plaintiff points to the following facts: (1) Defendant hired "various sets of attorneys . . . for example . . . Mr. Faucett" to "assert its patents," including its '035 patent; (2) Defendant's representatives directly contacted Plaintiff's representatives numerous times over an extensive period; and (3) Defendant's representatives flew out to Colorado to assert its patent. (Doc. # 20 at 5-6.) In so contending, Plaintiff argues that this case is on point with *Coyle*, in which the defendant patent-holder engaged in marketing efforts in the forum state and hired an attorney in that state. 340 F.3d at 1351.

However, as Defendant points out, the Federal Circuit recently distinguished *Coyle*. In *Radio Systems Corp. v. Accession, Inc.*, the Federal Circuit explained that in *Coyle*, the patent-holder retained an attorney in the forum state who assisted in the enforcement of the patent rights and thereby "effectively became" the patent-holder's agent. 638 F.3d 785, 791 (Fed. Cir. 2011). Consequently, the attorney's activities to enforce the patent in the forum state were in-state contacts attributable to the patent-holder and thus relevant to establishing specific jurisdiction. *Id*. Here, Plaintiff has not alleged that any of Defendant's attorneys are located in Colorado, and in fact, the attorney Plaintiff identifies in its argument—Mr. Faucett—is located in Houston, Texas. (Doc. ## 14-15; 15.) Therefore, in this regard, *Coyle* does not support Plaintiff's argument.

Similarly, Plaintiff's allegations that Defendant's representatives directly contacted Plaintiff's representatives numerous times and came "to Colorado to assert

its patent" are not sufficient to confer jurisdiction on this Court. First, Plaintiff does not connect any specific facts to these allegations to indicate the purpose of these contacts. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (the court need only "tak[e] as true well-pled—that is, plausible, non-conclusory, and non-speculative—facts") (internal citation and punctuation omitted). Second, to the extent the Court can piece together relevant facts from the "Background" section of Plaintiff's brief, those facts do not demonstrate that Defendant's activities were enforcement or defense efforts sufficient to support specific jurisdiction. *See Radio Systems,* 638 F.3d at 790; *see also Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) (Exercise of personal jurisdiction was unconstitutional because all of the defendant's contacts "were for the purpose of warning against infringement or negotiating license agreements . . . .").

Plaintiff alleges that in February 2006, Defendant contacted Plaintiff "**ostensibly** for purposes of licensing **or** enforcing [Defendant's] '035 patent." (Doc. # 20 at 2.) (emphasis added). This statement does not establish that the true nature of Defendant's efforts was enforcement. Plaintiff goes on to explain that Defendant attempted to secure a licensing agreement and that after those efforts failed, Defendant "began to threaten suit." (*Id*.) However, "a defendant may not be subjected to personal jurisdiction if its only . . . activities in the forum state involve unsuccessful attempts to license the patent there" and cease and desist letters. *Breckenridge Pharm.,* 444 F.3d at 1364-66 ("[T]he crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state **beyond** the sending of cease

and desist letters or mere attempts to license the patent at issue there." (emphasis added)).[1] For these reasons, the Court finds that it lacks specific personal jurisdiction over Defendant.

**B. GENERAL PERSONAL JURISDICTION**

The Court may exercise general personal jurisdiction over a defendant that has contacts with the forum "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 614 (10th Cir. 2012) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, --- U.S. ---, ---, 131 S. Ct. 2846, 2851 (2011)). To suffice, "commercial contacts . . . must be of a sort 'that approximate physical presence" in the forum state. *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (Fed. Cir. 2011) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). As the Tenth Circuit has noted, this is a "high burden." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004).

Plaintiff alleges that Defendant "sold hardware and software" to the United States Army and Coast Guard, both of which have a presence in Colorado, and pursued a "strategic partnership with a Colorado corporation." (Doc. # 20 at 7.) Taking those allegations as true, the most they demonstrate is that Defendant engaged in commerce

---

[1] The only facts relating to specific jurisdiction alleged in Plaintiff's complaint concern Defendant's act of sending a letter to inform Plaintiff of the lawsuit in Texas on May 6, 2013. (*See* Doc. ## 1 at 2; 20 at 3-4.) This correspondence is similarly inadequate to establish specific jurisdiction. *Compare Hildebrand*, 279 F.3d at 1356 (personal jurisdiction would be unconstitutional where the only contacts were cease and desist letters and an attempt to negotiate licensing agreements); *with Akro Corp. v. Luker*, 45 F.3d 1541, 1542-43 (Fed. Cir. 1995) (personal jurisdiction exists where defendant sent letters and had a licensing agreement with plaintiff's competitor in the forum state).

with Colorado residents. But that does not approximate Defendant's physical presence in Colorado. *See Shrader*, 633 F.3d at 1243 ("'[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders.'" (quoting *Bancroft & Masters*, 223 F.3d at 1086)).[2]

The Court is also not persuaded that Defendant is subject to general jurisdiction based on the reach of its asset-tracking system. (*See* Doc. # 20 at 7-8.) Specifically, Plaintiff argues that operating "GPS, cellular, satellite, and radio frequency signals" throughout the country, including Colorado, constitutes "continuous and systematic" contacts with Colorado. (*Id.* at 7.) According to Plaintiff, Defendant's products are at least partly used in Colorado because they provide "signal access" throughout the United States. (*Id.* at 8.) However, in similar contexts, courts have found that defendants are not subject to general jurisdiction merely because they provide national services or coverage that can be accessed in the forum state. *See, e.g., Shrader*, 633 F.3d at 1240-41 ("The maintenance of a website does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." (citations omitted)); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) ("We are

2 While not raised in Plaintiff's response, the Court is similarly not persuaded by Plaintiff's assertion in its complaint that there is general jurisdiction over Defendant because it "transacted or attempted to transact business in Colorado through, among other avenues, its website." (Doc. # 1 at 2.) Plaintiff does not dispute Defendant's assertions that its website was informational in nature, described Defendant's products, and provided its contact information. (*See* Doc. 14 at 4-5.) Nor has Plaintiff disputed that customers were unable to purchase products from Defendant's website. (*See id.* at 5.) Finally, Plaintiff has not alleged that Defendant's website targets Colorado residents. Consequently, Defendant's website did not "approximate [Defendant's] physical presence" in Colorado. *See Monge*, 701 F.3d at 620 (citing *Shrader*, 633 F.3d at 1243).

not prepared at this time to recognize that a State may obtain general jurisdiction over out-of-state persons who regularly and systematically transmit electronic signals into the State via the internet based solely on those transmissions."); *Eon Corp. v. AT&T Mobility, LLC*, 879 F. Supp. 2d 194, 205 (D.P.R. 2012) (contacts were insufficient where defendant wireless carrier contracted to provide services to 440,000 forum residents). Another result would allow a "sprawling view of general jurisdiction" resembling the one rejected by the Supreme Court in *Goodyear*, under which "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed." *See* --- U.S. at ---, 131 S. Ct. at 2857.

Plaintiff has not established that Defendant's asset-tracking services are sufficient to confer upon the Court general jurisdiction over Defendant in this District.[3] Because Plaintiff has failed to allege that defendant had contacts with the forum "so 'continuous and systematic' as to render [it] essentially at home in the forum State," the Court concludes that it lacks general jurisdiction over Defendant. *See Monge*, 701 F.3d at 614 (quoting *Goodyear*, --- U.S. at ---, 131 S. Ct. at 2851).

## C. REQUEST FOR JURISDICTIONAL DISCOVERY

In the alternative, Plaintiff requests that the Court grant jurisdictional discovery. The Court looks to Tenth Circuit case law to determine whether to grant jurisdictional discovery. *See Autogenomics*, 566 F.3d at 1021-22 (citations omitted). To obtain jurisdictional discovery, a plaintiff must "present a sufficient factual predicate for the

---

[3] The Court is not persuaded to apply the inapposite holding in *NTP, Inc. V. Research in Motion, Ltd.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005). Contrary to Plaintiff's contention, the *NTP, Inc.* court's analysis for determining the location of acts of patent infringement for the purpose of determining subject matter jurisdiction does not "logically appl[y]" to questions of general jurisdiction. (*See* Doc. # 20 at 8 (citing *NTP, Inc.*, 418 F.3d at 1317).)

establishment of personal jurisdiction." *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006 WL 1897173, at *4 (D. Colo. 2006) (unpublished). The Court will not permit jurisdictional discovery if there is only a "low probability" that additional discovery would reveal sufficient facts to alter the Court's conclusion that it lacks personal jurisdiction over Defendant. *See Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004).

Plaintiff bases its request for jurisdictional discovery on its accusation that Defendant misrepresented its "sales activities, . . . clients and partners." (Doc. # 20 at 9.) First, Plaintiff asserts that Defendant falsely represented that it did not "enter[] into any contracts or licenses" with Colorado entities. (Doc. # 20 at 1-2 (quoting Doc. # 14 at 3).) However, Plaintiff alleges only that Defendant **attempted** to form a strategic partnership with a Colorado corporation in 2002. (Doc. # 20 at 2.) Because attempts to enter a strategic relationship do not always reach fruition, Defendant's statement is not a misrepresentation. Therefore, this provides no basis for additional discovery.

Second, Plaintiff asserts that Defendant falsely represented that it stopped developing and selling hardware in 2004. (*Id.*) Plaintiff alleges that, in fact, Defendant issued a press release in March 2007 describing itself as a seller of "hardware devices." (Doc. # 20-3 at 1-2.) Even if Defendant was involved in developing and selling hardware after 2004, that fact falls fall short of establishing a "sufficient factual predicate" for establishing the Court's personal jurisdiction over Defendant. *See St. Paul Travelers*, 2006 WL at *4. Such efforts at commercializing Defendant's products would be incapable of establishing specific jurisdiction in this action.

*See Avocent*, 552 F.3d at 1335. In addition, merely developing and selling hardware falls far short of demonstrating that Defendant's activities in Colorado were so "continuous and systematic" that it was "at home" there. *See Monge*, 701 F.3d at 614 (quoting *Goodyear*, --- U.S. at ---, 131 S. Ct. at 2851). Therefore, the Court denies Plaintiff's request for jurisdictional discovery.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 14) is GRANTED. It is

FURTHER ORDERED that Plaintiff's request for jurisdictional discovery is DENIED. It is

FURTHER ORDERED that Defendant's Motion to Transfer or Stay (Doc. # 18) is DENIED AS MOOT. It is

FURTHER ORDERED that, although each party shall bear its own attorney fees, Defendant shall have its costs by filing a Bill of Costs with the Clerk of the Court within fourteen days of the entry of judgment. It is

FURTHER ORDERED that this case be DISMISSED WITHOUT PREJUDICE.

DATED: October 15, 2013

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge